UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2013 FEB 14 PM 2:09

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL L. VASQUEZ, | ) |
| a.k.a. "Macho," | ) |
| CHRISTOPHER MORALES, | ) Criminal No.: 2-12-CR-131 · 12-6-7-8-9 |
| a.k.a. "J," and | ) |
| a.k.a. "Jerry" | ) |
| KEITH BRUCE, | ) |
| a.k.a. "K.J." | ) |
| JAH-ELI ROBERTSON, | ) |
| ELIJAH LAWRENCE, and | ) |
| ERIK MARRIER, | ) |
| Defendants. | ) |

U.S. MARSHALS SERVICE
DISTRICT OF VERMONT
2013 FEB 14 P 2:44

## FIRST SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT I

From about July 2012 through September 2012, in the District of Vermont and elsewhere, defendants MICHAEL L. VASQUEZ, a.k.a. Macho; CHRISTOPHER MORALES, a.k.a. J and Jerry; KEITH BRUCE, a.k.a. K.J.; JAH-ELI ROBERTSON; ELIJAH LAWRENCE; and ERIK MARRIER knowingly and willfully conspired together and with Ashley Hammond, Taralin Hopper, Amanda Bevins, and other persons, known and unknown to the grand jury, to distribute a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance; a mixture and substance containing detectable amount of marijuana, a Schedule I controlled substance; and a mixture and substance containing a detectible amount of cocaine base, a Schedule II controlled substance. The offense involved 28 grams or more of a mixture and substance containing cocaine base.

(21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B))

M

Case 1:13-mj-00903-BPG   Document 1   Filed 04/24/13   Page 2 of 10

## COUNT II

On or about August 13, 2012, in the District of Vermont, the defendant MICHAEL VASQUEZ, a.k.a. Macho, knowingly and intentionally distributed a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 18 U.S.C. § 2)

## COUNT III

On or about August 21, 2012, in the District of Vermont, the defendant MICHAEL VASQUEZ, a.k.a. Macho, knowingly and intentionally distributed a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

3

## COUNT IV

On or about August 28, 2012, in the District of Vermont, the defendant CHRISTOPHER MORALES, a.k.a. J and Jerry, knowingly and intentionally distributed a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance, and a mixture and substance containing a detectible amount of cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT V

On or about August 30, 2012, in the District of Vermont, the defendant MICHAEL VASQUEZ, a.k.a. Macho, knowingly and intentionally distributed a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

5

## COUNT VI

At all times relevant to this First Superseding Indictment, the defendant, MICHAEL VASQUEZ, a.k.a. Macho, was previously convicted of the following crimes, which are punishable by a term of imprisonment exceeding one year:

Criminal possession of a controlled substance – 5th degree, in violation of PL 220.06, in New York County Family Court, New York County, New York, Docket D2062-96, on or about February 27, 1996;

Criminal sale of a controlled substance – 3rd degree: Narcotic drug, in violation of PL 220.39, subsection 01, in New York County Supreme Court, New York County, New York, Docket No. 03806-2000, on or about October 3, 2000;

Criminal possession of a weapon – 3rd degree: previous conviction, in violation of PL 265.02, subsection 01, in New York County Supreme Court, New York County, New York, Docket No. 05239-2003, on or about November 12, 2004.

On or about September 13, 2012, in the District of Vermont, the defendant, MICHAEL VASQUEZ, a.k.a. Macho, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate commerce, a firearm, namely, a Beretta model 92FS 9mm pistol, bearing serial number BER367511.

(18 U.S.C. §§ 922(g)(1), 924(e))

### Forfeiture Notice – No. 7

1. The allegations contained in Count I of this First Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 21 U.S.C. § 853.

2. Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. § 846, the defendants, MICHAEL L. VASQUEZ and CHRISTOPHER MORALES, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

   (a) United States funds in the amount of the gross proceeds obtained as a result of the violation;

   (b) $8,039 in U.S. currency seized on September 12, 2012;

   (c) $2,162 in U.S. currency seized on September 12, 2012; and

   (d) $5,000 in U.S. currency seized on September 13, 2012.

3. If any forfeitable property described above, as a result of any act or omission of the defendant:

   (1) cannot be located upon the exercise of due diligence;

   (2) has been transferred or sold to, or deposited with, a third party;

   (3) has been placed beyond the jurisdiction of the court;

   (4) has been substantially diminished in value; or

   (5) has been commingled with other property which cannot be subdivided without difficult

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

(21 U.S.C. § 853)

### Forfeiture Notice – No. 8

1. The allegations contained in Count 1 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

2. Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. § 846, the defendants, KEITH BRUCE, JAH-ELI ROBERTSON, ELIJAH LAWRENCE and ERIK MARRIER, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

    (a)  United States funds in the amount of the gross proceeds obtained as a result of the violation.

3. If any forfeitable property described above, as a result of any act or omission of the defendant:

    (1)  cannot be located upon the exercise of due diligence;
    (2)  has been transferred or sold to, or deposited with, a third party;
    (3)  has been placed beyond the jurisdiction of the court;
    (4)  has been substantially diminished in value; or
    (5)  has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

(21 U.S.C. § 853)

9

<u>Forfeiture Notice – No. 9</u>

1. The allegations contained in Count 2 of this First Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of an offense in violation of 18 U.S.C. § 922(g)( ), the defendant, MICHAEL L. VASQUEZ, shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved or used in the commission of the offense, including but not limited to:

   a)   one Beretta USA Corp., 92FS Pistol, SN: BER367511; and

   b)   15 rounds of Winchester-Western ammunition.

(18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c))

A TRUE BILL

FOREPERSON

_____ (CEN)
TRISTRAM J. COFFIN
United States Attorney
Burlington, Vermont
February 14, 2013